**ACKERMANN & TILAJEF, P.C.**
Craig J. Ackermann, CA Bar No. 229832
cja@ackermanntilajef.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 277-0614
Facsimile: (310) 277-0635

**MELMED LAW GROUP P.C.**
Jonathan Melmed, CA Bar No. 290218
jm@melmedlaw.com
1180 South Beverly Drive, Suite 610
Los Angeles, California 90035
Telephone: (310) 824-3828
Facsimile: (310) 862-6851

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARTINEZ, an individual, on behalf of the State of California, as a private attorney general,<br><br>PLAINTIFF,<br><br>v.<br><br>E & A PROTECTIVE SERVICES-BRAVO, LLC, a Virginia Limited Liability Company; and DOES 1 to 10, inclusive,<br><br>DEFENDANT. | CASE NO.<br><br>**CLASS ACTION AND PAGA REPRESENTATIVE ACTION COMPLAINT FOR**<br><br>**1) FAILURE TO PROVIDE OFF-DUTY REST BREAKS AND/OR PAY REST BREAK PREMIUMS (LABOR CODE § 226.7; IWC WAGE ORDER NO. 4, SECTION 12);**<br>**2) FAILURE TO PROVIDE OFF-DUTY MEAL PERIODS AND/OR PAY MISSED MEAL PERIOD PREMIUMS (LABOR CODE §§ 226.7 AND 512; IWC WAGE ORDER NO. 4, SECTION 11);**<br>**(3) FAILURE TO PROVIDE COMPLETE/ACCURATE WAGE STATEMENTS IN VIOLATION OF LABOR CODE § 226(A);**<br>**(4) WAITING TIME PENALTIES (LABOR CODE § 201-203);**<br>**(5) UCL VIOLATIONS (BUS. & PROF. CODE §§ 17200-17204);**<br>**(6) PAGA AND OTHER PENALTIES (LABOR CODE §§ 2699,** *et seq***., 558).**<br>**DEMAND FOR JURY TRIAL** |

Plaintiff Richard Martinez, on behalf of the people of the State of California and as an "aggrieved employee" acting as a private attorney general under the Labor Code Private Attorneys General Act of 2004, § 2699, *et seq.* ("PAGA"), and on behalf of himself and all other persons similarly situated, complains of Defendant E & A Protective Services-Bravo, LLC ("Defendant") and each of them, as follows:

## I.  INTRODUCTION

1.     This is a class action pursuant to Federal Rule of Civil Procedure 23(b)(3) , and PAGA representative action brought pursuant to Labor Code § 2699, *et seq.*, on behalf of the State of California and all individuals who were employed as security guards or in a similar capacity by Defendant in California for one or more pay periods from four years prior to the filing of this complaint and ongoing.

2.     Plaintiff brings this action on behalf of himself and all others similarly situated, as a class action, as a PAGA representative action, and on behalf of the California general public, against Defendant for (1) its failure to provide off-duty rest breaks and/or pay missed rest break premiums, (2) its failure to provide off-duty meal periods and/or pay missed meal period premiums; (3) its failure to provide complete and accurate wage statements within one year prior to the filing of this Complaint; (4) its failure to pay all wages due to its former employees based on the foregoing; (5) unfair business practices based on the foregoing; and (6) PAGA and other penalties based on the foregoing.  As a result of the foregoing, Defendant has violated California statutory laws as described below.

3.     The "Class Period" is designated as the period from four years prior to the filing of this action through the date that the Court enters an Order certifying the Class .  The PAGA period is the period from January 15, 2017 and ongoing.  Defendant's violations of California's wage and hour laws and unfair competition laws, as described more fully below, have been ongoing throughout the Class Period and throughout the PAGA period and are ongoing.

## II.   JURSIDICTION AND VENUE

4.     This Court has subject matter jurisdiction over any and all causes of action asserted herein pursuant to 28 U.S.C. section 1332(a) and (d) since the parties are citizens of

**REPRESENTATIVE ACTION COMPLAINT**

different states, and this is a class action lawsuit where the amount in controversy exceeds $5 million.

5.     This Court has personal jurisdiction over Defendants because Defendants have caused injuries in the County of Fresno and State of California through their acts, and by their violation of the California Labor Code and California state common law.  Defendants transact millions of dollars of business within the state of California.

6.     Venue as to each Defendant is proper in this judicial district, pursuant to 28 U.S.C section 1391(b)(2) because Defendants operate within California and do business within Fresno County, California, and the violations of the Labor Code and PAGA occurred within the Eastern District.  The unlawful acts alleged herein have a direct effect on Plaintiff and all of Defendants' employees within Fresno County.

III.    **THE PARTIES**

A.    **PLAINTIFF**

7.     Plaintiff Richard Martinez is a resident of California and at all times pertinent hereto worked for Defendant in Fresno County.

8.     Plaintiff and all aggrieved employees are, and at all times pertinent hereto, have been classified as employees by Defendant.  Defendant hires employees to work in California.

9.     Upon information and belief, Plaintiff and all aggrieved employees are covered by California Industrial Welfare Commission Occupational Wage Order No. 4-2001.

10.     Plaintiff represents the state of California as well as a group of aggrieved employees defined as: all individuals who were employed by all individuals who were employed as security guards/officers, and/or hourly employees by E & A Protective Services-Bravo, LLC in California for one or more pay periods from January 15, 2017 and continuing into the present.

11.     As described more fully below, Plaintiff seeks to represent a Class of all individuals employed by Defendants in California as security guard or in a similar position by Defendants from four years ago through date that the Court enters an Order certifying the Class (the "Class" or "Class Members")

**B. DEFENDANTS**

12.     Defendant E & A Protective Services-Bravo, LLC is a Virginia Limited Liability Company operating within the State of California. Defendant's corporate address is believed to 24 Piedmont Drive, Stafford, VA 22554. Defendant employed Plaintiff and similarly situated persons as employees within California. Defendant has done and does business throughout the State of California including Fresno County.

13.     The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants sued herein as DOES 1 to 10, inclusive, are currently unknown to Plaintiff, who therefore sues Defendants by such fictitious names. Plaintiff is informed and believes, and based thereon alleges, that each of the Defendants designated herein as a DOE is legally responsible in some manner for the unlawful acts referred to herein. Plaintiff will seek leave of court to amend this Complaint to reflect the true names and capacities of the Defendants designated hereinafter as DOES when such identities become known.

14.     Plaintiff is informed and believes, and based thereon alleges, that each Defendant acted in all respects pertinent to this action as the agent of the other Defendants, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each Defendant are legally attributable to the other Defendants. Furthermore, Defendants in all respects acted as the employer and/or joint employer of Plaintiff and the other aggrieved employees.

**IV.     FACTUAL BACKGROUND**

15.     Plaintiff, Class Members, and all aggrieved employees are, and were at all times pertinent hereto, classified as non-exempt employees by Defendants.

16.     Plaintiff, Class Members, and all aggrieved employees consistently worked shifts in California that were more than four (4) hours or a major fraction thereof in length, including shifts in excess of eight (8) hours. Plaintiff and the other aggrieved employees also worked shifts in excess of ten (10) and twelve (12) hours during the course of their employment with Defendant.

17.     Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable

regulation, standard, or order of the Industrial Welfare Commission ("IWC"). Under IWC Wage Order 4-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four (4) hours worked. *See Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 (concluding that "during rest periods employers must relieve employees of all duties and relinquish control over how employees spend their time."). In *Augustus*, the court expressly rejected the employer's assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained "that employers [must] relinquish any control over how employees spend their break time, and relieve their employees of all duties." *Id.* at 273.

18.    At all times pertinent hereto, Defendants failed to implement a lawful rest period policy that advised  Plaintiff, the Class Members, and the other aggrieved employees of their right to take rest periods for shifts that were a major fraction of a four (4) hour work period and to make rest breaks available to these employees. Instead, Defendants' meal/rest period policy did not permit Plaintiff, the Class Members, or the other aggrieved employees to leave the premises of their post during rest periods as required by Labor Code § 226.7 and Wage Order 4-2001. *Augustus*, 2 Cal. 5th at 269. Further, Defendants did not relieve Plaintiff, the Class Members, and the other aggrieved employees of all duties during their rest periods and regularly required each to be available at all times to respond to communications by radio and telephone. Further, as part of its policies, Defendant required Plaintiff, the aggrieved employees and Class Members keep their gun on their person at all times during their shift.  This policy, coupled with Defendant's additional policy forbidding employees to leave the premises while they carried their gun on their person, further underscores that Plaintiff, the aggrieved employees, and the putative Class Members were not provided compliant duty free rest periods, as required by California law.

19.    Accordingly, as a result of its faulty rest period policies, Defendants regularly and consistently failed to authorize and permit Plaintiff, the Class Members, and the other aggrieved employees to take compliant rest periods.

20.    Labor Code § 512 requires employers to provide employees with thirty (30) minute uninterrupted and duty-free meal period on or before the fifth hour of their work..

4

Moreover, an employee who works more than ten (10) hours per day is entitled to receive a second thirty (30) minute uninterrupted and duty-free meal period. "An on-duty meal period is permitted only when the nature of the work prevents an employee from being relieved of all duty and the parties agree in writing to an on-duty paid meal break." (*Lubin v. The Wackenhut Corp.* (2016) 5 Cal. App. 5th 926, 932.) The written agreement must include a provision allowing the employee to revoke it at any time. *Id.*

21.     Defendants violated Labor Code § 512 by failing to advise Plaintiff, the Class Members, and all aggrieved employees of their right to receive thirty (30) minute uninterrupted meal periods on or before the fifth hour of their shift and of their right to receive a second thirty (3) minute meal period on days where they worked more than ten (10) hours a day. In addition, Defendants failed to advise both Plaintiff, the Class Members, and the other aggrieved employees that they could not waive their right to a second meal period when they worked shifts of twelve (12) hours or more.

22.     Defendants further violated Labor Code § 512 by requiring Plaintiff, the Class Members, and the other aggrieved employees to remain on the premises and work during alleged meal periods even though the nature of the work did not necessitate an on-duty meal period and Defendants failed to enter into and/or entered into improper on-duty meal period agreements with Plaintiff, the Class Members, and the aggrieved employees. Often, Defendants required Plaintiff, the Class Members, and the aggrieved employees to work through their meal periods without receiving proper compensation and without entering into an on-duty meal period agreement of any kind.

23.     Defendants also actively interfered with Plaintiff, the Class Members, and the other aggrieved employees' right to receive lawful meal periods by preventing Plaintiff, the Class Members, and the other employees from leaving the premises or allowing them to leave their radios/cell phones at the work site. In addition, Defendants also prevented Plaintiff, the Class Members, and the other aggrieved employees from receiving compliant meal periods due to its understaffing policies and practices. On some of their shifts, Plaintiff, the Class Members, and the other aggrieved employees were the sole employee assigned to assist Defendants' clients. On

these shifts, in accordance with Defendant's policies, Plaintiff, the Class Members, and the other aggrieved employees were not relieved of their duties and were required to stay onsite to safeguard the premises and their posts

24.     Since Defendants did not offer Plaintiff, the Class Members, and the aggrieved employees, the opportunity to take compliant meal and rest periods, "the court may not conclude employees voluntarily chose to skip…breaks." *Alberts v. Aurora Behavioral Health Care*, 241 Cal. App. 4th 388, 410 (2015) ("[i]f an employer fails to provide legally compliant meal or rest breaks, the court may not conclude employees voluntarily chose to skip those breaks."); *accord Brinker Rest. Corp. v. Sup. Ct.*, 53 Cal. 4th 1004, 1033 (2012) ("No issue of waiver ever arises for a rest break that was required by law but never authorized; if a break is not authorized, an employee has no opportunity to decline to take it.").[1]

25.     During the Class Period and PAGA Period, Defendants failed to pay Plaintiff, the Class Members, and all aggrieved employees rest period premiums, and meal period premiums, whose sums were certain, when they were not provided compliant meal and rest periods, and also failed to include such premiums in their final pay, for those putative Class members who are former employees of Defendants, at the time of their termination or within seventy-two (72) hours of their resignation and have failed to pay those sums for thirty (30) days thereafter. Defendants' failure to pay wages, as alleged above was willful in that Defendants knew wages to be due but failed to pay them. *See e.g. In re Autozone, Inc.* (N.D. Cal. Aug. 10, 2016) No. 3:10-md-02159-CRB, 2016 U.S. Dist. LEXIS 105746 [holding that employees could recover waiting time penalties based upon a failure to provide meal periods after considering the California Court of Appeals decision in *Ling vs. P.F. Chang's China Bistro, Inc.*, 245 Cal. App. 4th 1242); *Parson v. Golden State FC, LLC,* No. 16-cv-00405-JST, 2016 U.S. Dist. LEXIS 58299, 2016 WL 1734010,

---

[1] Even an employer who maintains an otherwise compliant rest period policy, "reminded their employees of their availability—and the importance—of taking breaks on a daily basis, and even went so far as to conduct regular audits to ensure that employees were being offered rest breaks" will still be liable for rest period violations if the employees were not separately or properly compensated for the non-productive time associated with rest periods under a piece-rate compensation system. *Amaro v. Gerawan Farming, Inc.*, 2016 U.S. Dist. LEXIS 66842 * (E.D. Cal. May 19, 2016) *aff'd Amaro v. Gerawan,* 2016 U.S. Dist. LEXIS 112540, 2016 WL 4440966, at *11 (E.D. Cal. Aug. 22, 2016); *rev. denied* by 9th Cir. Case No. 0:16-23f-80120 (9th Cir. Nov. 16, 2016).

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

at *3-5 (N.D. Cal. May 2, 2016) (finding after *Ling* that a failure to pay rest period premiums can support claims under Labor Code §§ 203 and 204).

26. Moreover, during the Class period and the PAGA Period, Defendants paid Plaintiff, the Class Members, and the aggrieved employees on a biweekly basis, despite being required to pay them, as security guards, on a weekly basis. Cal. Labor Code §201.3.

27. Further, as a result of Defendants' unlawful rest period, and meal period practices described above, Defendant regularly and consistently failed to pay Plaintiff, the Class Members, and the other aggrieved employees not more than seven (7) calendar days following the close of the payroll period on a regular and consistent basis. Therefore, Defendants failed to timely pay its employees' wages owed within seven (7) calendar days following the close of payroll in accordance with Labor Code § 204.

28. Labor Code § 226(a)(1), (2), (5), and (9) requires employers semimonthly or at the time or each payment of wages, furnish each of his or her employees, an accurate itemized statement in writing showing the gross wages earned, the total hours worked by the employee, the net wages earned, as well as all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

29. From at least one year prior to the filing of this complaint and ongoing, , Defendants knowingly and intentionally failed to issue accurate and complete itemized wage statements in writing to Plaintiff, the Class Members, and all aggrieved employees that accurately indicate the gross wages earned, total hours worked by the employee, the net wages earned, as well as all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee.

30. Due to Defendants' failure to provide employees with lawful off-duty rest periods, lawful timely and uninterrupted off-duty meal periods, and its improper on-duty meal period policy as detailed above, the wage statements issued by E & A Protective Services-Bravo, LLC do not indicate the correct amount of gross wages earned, total hours worked, net wages earned, or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9). Thus,

1  Plaintiff is an aggrieved employee within the meaning of PAGA and Defendants have violated

2  Labor Code §226(a)(1), (2), (5), and (9) with respect to Plaintiff, the Class, and all aggrieved

3  employees.

4      31.    Plaintiff fully and completely exhausted his administrative remedies under PAGA

5  prior to proceeding with this action.  On January 15, 2018, Plaintiff filed his PAGA Notice online

6  with the Labor Workforce Development Agency ("LWDA") and sent a letter by certified mail to

7  Defendant setting forth the facts and theories of the violations alleged against Defendants, as

8  prescribed by Labor Code § 2698 *et seq*. As required by PAGA, Plaintiff submitted the $75.00

9  filing fee with the LWDA by regular mail.  Pursuant to Labor Code § 2699.3(a)(2)(A), no notice

10 was received by Plaintiff from the LWDA evidencing its intention to investigate within sixty-five

11 (65) calendar days of the postmark date of the PAGA notice. Plaintiff is therefore, entitled to

12 commence and proceed with a civil action pursuant to Labor Code § 2699.

13 **V.    CLASS ACTION ALLEGATIONS**

14     32.    Plaintiff brings this action, on behalf of himself and all others similarly situated, as

15 a class action pursuant to Federal Rule of Civil Procedure 23(a) and (b)(3).  Plaintiff seeks to

16 represent a Class composed of and defined as:

17         all individuals employed by Defendants in California as security guards/ or in a similar
18         position by Defendants from four years prior to the filing of this Complaint through the
           date of entry of an Order certifying the class..
19
20         Plaintiff further seeks to certify a Wage Statement Penalty Subclass consisting of:

21         all members of the Class who were employed by Defendant at any time during the period
           from one year prior to the filing of this Complaint through the present.
22
23         Plaintiff further seeks to certify a Waiting Time Penalty Subclass consisting of:

24         all members of the Class whose employment with Defendant ended during the period from
           three years prior to the filing of the Complaint through the present.
25
26     33.    This action has been brought and may properly be maintained as a class action

27 under Federal Rule of Civil Procedure 23, because all elements of Rule 23(a) and (b)(3) are

28 satisfied here:

a.   <u>Numerosity</u>:   The potential members of the Class as defined are so numerous that joinder of all the members of the Class is impracticable.  While the precise number of Class Members has not been determined at this time, Plaintiff is informed and believe that Defendants have, on average, during the Class Period employed over 100 Class Members in California subject to Defendant's on-duty meal and rest period policy.  Due to employee turn-over, the total number of Class Members, including Class Members who are no longer employed by Defendant, is estimated to be more than 200.  The Class Members are dispersed throughout California.  Joinder of all members of the proposed classes is therefore not practicable.

b.   <u>Commonality</u>: There are questions of law and fact common to Plaintiff and the Class that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, without limitation:

i.   Whether Defendants violated Labor Code section 226.7 and Section 12 of IWC Wage Order No. 4 by not relieving the Class members of all duties during their statutorily mandated rest periods;

ii.   Whether Defendants violated Labor Code section 226.7 and Section 12 of IWC Wage Order No. 4 failing to pay one hour of premium pay to each member of the Class for each day that an off-duty rest break was not provided in California during the Class Period;

iii.   Whether Defendants violated Labor Code sections 226.7 and 512 and Section 11 of IWC Wage Order No. 4 by failing to provide duty free meal periods;

iv.   Whether Defendants violated Labor Code sections 226.7 and 512 and Section 11 of IWC Wage Order No. 4by failing to one hour of premium pay to each member of the Class for each day they were not provided with an off-duty meal period;

v.   Whether Defendants failed to provide Plaintiff and the members of the Class complete wage statements with information included about their total hours worked, the gross wages earned, the net wages paid and premium payments for non-compliant meal and rest periods during each pay period in violation of Labor Code Section 226(a) and 226.2;

vi.   Whether Defendants violated Labor Code section 201.3 by not paying its security guards on a weekly basis;

9

1    vii.  Whether Defendants engaged in an unfair practice and violated section
2 17200 of the California Business and Professions Code by failing to provide Plaintiff and the
3 Class with meal and rest periods free of all duties;

4    viii.  Whether Defendants engaged in an unfair practice and violated section
5 17200 et seq. of the California Business and Professions Code by failing to provide pay rest break
6 premiums for all on-duty rest breaks taken by members of the Class in violation of Section 12 of
7 IWC Wage Order No. 4;

8    ix.  Whether Defendants engaged in an unfair practice and violated section
9 17200 et seq. of the California Business and Professions Code by failing to provide pay meal
10 period premiums for all on-duty meal periods taken by members of the Class in violation of
11 Section 11 of IWC Wage Order No. 4;

12    x.  Whether Plaintiff and the Class are entitled to restitution under Business
13 and Professions Code § 17200 et seq.;

14    xi.  The proper formula(s) for calculating damages, interest, and restitution
15 owed to Plaintiff and the Class Members; and

16    xii.  The nature and extent of class-wide damages.

17    c.    Typicality:  Plaintiff's claims are typical of the claims of the Class.  Both
18 Plaintiff and Class Members sustained injuries and damages, and were deprived of property
19 rightly belonging to them, arising out of and caused by Defendants' common course of conduct in
20 violation of law as alleged herein, in similar ways and for the same types of expenses.

21    d.    Adequacy of Representation:  Plaintiff is a member of the Class and will
22 fairly and adequately represent and protect the interests of the Class and Class Members.
23 Plaintiff's interests do not conflict with those of Class and Class Members.  Counsel who
24 represents Plaintiff are competent and experienced in litigating large wage and hour class actions,
25 including numerous cases virtually identical to this one, and other employment class actions, and
26 will devote sufficient time and resources to the case and otherwise adequately represent the Class
27 and Class Members.

28    e.    Superiority of Class Action:  A class action is superior to other available

10

means for the fair and efficient adjudication of this controversy. Individual joinder of all Class Members is not practicable, and questions of law and fact common to the Class predominate over any questions affecting only individual members of the Class. Each Class Member has been damaged or may be damaged in the future by reason of Defendant's unlawful policies and/or practices as described herein. Certification of this case as a class action will allow those similarly situated persons to litigate their claims in the manner that is most efficient and economical for the parties and the judicial system. Certifying this case as a class action is superior because it allows for efficient and full disgorgement of the ill-gotten gains Defendants have enjoyed by maintaining its unlawful compensation policies and will thereby effectuate California's strong public policy of protecting employees from deprivation or offsetting of compensation earned in their employment. If this action is not certified as a Class Action, it will be impossible as a practical matter, for many or most Class Members to bring individual actions to recover monies unlawfully withheld from their lawful compensation due from Defendants', due to the relatively small amounts of such individual recoveries relative to the costs and burdens of litigation.

## FIRST CAUSE OF ACTION
### FAILURE TO PROVIDE OFF-DUTY REST BREAKS AND PAY MISSED REST BREAK PREMIUMS
**[Cal. Labor Code §§ 226.7; Section 12 OF IWC Wage Order No. 4]**
**On behalf of Plaintiff and the Class Against Defendants**

34.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

35.     The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the class is certified.

36.     Labor Code § 226.7 provides "an employer shall not require an employee to work during a meal or rest or recovery period mandated pursuant to an applicable statute, or applicable regulation, standard, or order of the Industrial Welfare Commission." Under IWC Wage Order 4-2001 an employer must authorize and permit all employees to take ten (10) minute duty free rest periods for every major fraction of four hours worked. *See Augustus v. ABM Security Services, Inc.* (2016) 2 Cal. 5th 257, 269 (concluding that "during rest periods employers must relieve

11

employees of all duties and relinquish control over how employees spend their time."). In *Augustus*, the court expressly rejected the employer's assertion that it could provide an on-duty rest period to employees who worked as security guards and further explained "that employers [must] relinquish any control over how employees spend their break time, and relieve their employees of all duties." *Id.* at 273.

37.     By way of their policies requiring employees to stay on site during their shifts, Defendants failed to provide Plaintiff and the Class with duty-free rest periods of not less than ten (10) minutes for every major fraction of four (4) hours worked.  Specifically, Defendants failed to have a lawful rest period policy in place that informed Plaintiff and the Class of their right to take duty-free rest periods for shifts that were a major fraction of a four (4) hour work period and to make duty-free rest breaks available to these employees.  Further, Defendants did not permit Plaintiff or the Class to leave the premises during rest periods as required by Labor Code § 226.7 and Wage Order 4-2001 and in violation of *Augustus*, 2 Cal. 5th at 269.  Further, Defendants did not relieve Plaintiff and the Class of all duties during their rest periods and regularly required each to be available at all times to respond to communications by radio and telephone during their rest periods. Accordingly, as a result of its rest period policies, Defendants regularly and consistently failed to authorize and permit Plaintiff and the Class to take compliant off duty rest periods.

38.     Moreover, it was often impossible for Plaintiff and the Class to take a rest period because of Defendants' policy and practice of understaffing worksites.  As a result of Defendants' understaffing policies and practices, Plaintiff and the Class were required to work shifts where they were the sole employee assigned to assist Defendants' clients, further underscoring the impossibility of leaving post during rest periods.  On these shifts, in accordance with Defendants' policies, Plaintiff and the Class were not relieved of their duties and were required to stay onsite to safeguard the premises at all times during their shifts.

39.     In addition to failing to authorize and permit compliant rest periods, and instead requiring on-premises rest breaks via written policy, Plaintiff and the Class were not compensated with one (1) hours' worth of pay at their regular rate of compensation when they were not

provided with a compliant rest period in accordance with Labor Code § 226.7(b) and IWC Wage Order 4-2001 Section 12(B).

40.     As a result of the unlawful acts of Defendants, Plaintiff and the Class were not provided off duty rest breaks and are entitled to recovery under Cal. Labor Code §226.7 in the amount of one additional hour of pay at the employee's regular rate of compensation for each work period during each day in which Defendants failed to provide duty-free rest periods, as required by California law.

**SECOND CAUSE OFACTION**
**FAILURE TO PROVIDE DUTY-FREE MEAL BREAKS**
**AND PAY MISSED MEAL BREAK PREMIUMS**
**[Cal. Labor Code §§ 226.7, 512; Section 11 Of IWC Wage Order No. 4]**
**On Behalf Of Plaintiff And The Class Against Defendants**

41.     Plaintiff incorporates all paragraphs above as though fully set forth herein.

42.     At all times relevant herein, Section 11050 of 8 California Code of Regulations ("IWC Wage Order No. 4") provides in relevant part:

A.     No employer shall employ any person for a work period of more than five (5) hours without a meal period of not less than 30 minutes, except that when a work period of not more than six (6) hours will complete the day's work the meal period may be waived by mutual consent of the employer and the employee.

B.     An employer may not employ an employee for a work period of more than ten (10) hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

C.     Unless the employee is relieved of all duty during a 30-minute meal period, the meal period shall be considered an "on duty" meal period and counted as time worked. An "on duty" meal period shall be permitted only when the nature of the work prevents an employee from being relieved of all duty and when by written agreement between the parties an on-the-job paid meal period is agreed to. The written agreement shall state that the employee may, in writing, revoke the agreement at any time.

D.     If an employer fails to provide an employee a meal period in accordance with the applicable provisions of this order, the employer shall pay the employee one (1) hour of pay at the employee's regular rate of compensation for each workday that the meal period is not provided.

43.     Likewise, California Labor Code Section 512(a):  An employer may not employ an employee for a work period of more than five hours per day without providing the employee with a meal period of not less than 30 minutes, except that if the total work period per day of the

13

employee is no more than six hours, the meal period may be waived by mutual consent of both the employer and employee. An employer may not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes, except that if the total hours worked is no more than 12 hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

44. California Labor Code Section 226.7 and Section 11(B) of IWC Wage Order No. 4 require an employer to pay an additional hour of compensation for each meal period the employer fails to provide in accordance with the applicable statute or Industrial Welfare Commission Wage Order.

45. During Plaintiff's employment, Defendants failed to provide Plaintiff and other current and former employees with meal periods in accordance with the applicable Industrial Welfare Commission Wage Order and California Labor Code Sections 226.7 and 512.

46. Pursuant to California Labor Code Section 226.7, Plaintiff and other current and former employees are entitled to damages in an amount equal to one (1) hour of wages per missed meal period, in a sum to be proven at trial.

### THIRD CAUSE OF ACTION
### FAILURE TO ISSUE ACCURATE ITEMIZED WAGE STATEMENTS
### [Cal. Labor Code §§ 226 And 226.3]
### On Behalf of Plaintiff And Wage Statement Subclass Members Against Defendants

47. Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

48. The actionable period for this cause of action is one year prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the subclass is certified.

49. Section 226(a) of the California Labor Code provides, in relevant part:

Every employer shall…. furnish each of his or her employees…an accurate statement in writing showing (1) gross wages earned, (2) total hours worked by the employee, except for any employee whose compensation is solely based in a salary and who is exempt from payment of overtime under subdivision (a) of Section 515 or any applicable order of the Industrial Welfare Commission, (3) the number of

piece-rate units earned, and any applicable piece rate if the employee is paid on a piece-rate basis, (4) all deductions, provided that all –deductions made on written orders of the employee may be aggregated and shown as one item, (5) net wages earned, (6) the inclusive dates of the period for which the employee is paid, (7) the name of the employee and only the last four digits of his or her social security number or an employee identification number other than a social security number, (8) the name and address of the legal entity that is the employer, and (9) all applicable hourly rates in effect during the pay period and the corresponding number of the hours worked at each hourly rate by the employee…

50.     Section 226(e) provides that an employee is entitled to recover $50 for initial pay period in which a violation of Section 226 occurs and $100 for each subsequent pay period, not to exceed $4,000, as well as an award of costs and reasonable attorney's fees, for all pay periods in which the employer fails to provide accurate itemized statements to the employee causing the employee to suffer injury.

51.     Due to Defendants' failure to provide employees with lawful off-duty rest periods, lawful timely and uninterrupted off-duty meal periods, and its improper on-duty meal and rest period policies as detailed above, the wage statements issued by Defendants do not indicate the correct amount of gross wages earned, total hours worked, net wages earned, or the applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate in violation of Labor Code § 226(a)(1), (2), (5) and (9).

52.     Defendants' failure to provide Plaintiff and Class Members with accurate itemized wage statements during the Class Period has caused Plaintiff and Class Members who worked within the actionable period for this cause of action (the "Subclass Members") to incur economic damages in that they were not aware that they were owed and not paid premiums for not having been provided compliant rest breaks and meal periods.  Cal. Labor Code § 226(e)(2)(B) (clarifying that injury is established where the wage statement violated Section 226(a)(1), (2), or (5), among other provisions, and where employees cannot easily determine the gross or net wages earned by the employee during the pay period).

53.     As a result of Defendants' failure to issue accurate and complete itemized wage statements to Plaintiff and Class Members in violation of section 226(a) of the California Labor Code, Plaintiff Class Members who worked for Defendants within the one year preceding the

15

filing of this Complaint are each entitled to recover an initial penalty of $50, and subsequent penalties of $100, up to an amount not exceeding an aggregate penalty of $4,000 for each member of the Class, including Plaintiff, from Defendants pursuant to section 226(e) of the California Labor Code.

**FOURTH CAUSE OF ACTION**
**WAITING TIME PENALTIES FOR**
**FAILURE TO PAY WAGES DUE ON TERMINATION**
**[Cal. Labor Code §§ 201-203]**
**On Behalf of Plaintiff and the Waiting Time Penalty Subclass Against Defendants**

54.     Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

55.     The actionable period for this cause of action is three years prior to the filing of this Complaint through the present, and on-going until the violations are corrected or the class is certified.

56.     Sections 201 and 202 of the California Labor Code require Defendants to pay all compensation due and owing to former sales representatives in the Class during the actionable period for this cause of action at or around the time that their employment is or was terminated, or ended.

57.     Section 203 of the California Labor Code provides that if an employer willfully fails to pay compensation promptly upon discharge or resignation, as required by Sections 201 and 202, then the employer is liable for penalties in the form of continued compensation up to thirty (30) work days.

58.     Defendants willfully failed to pay Plaintiff and other members of the Waiting Time Penalty Class (i.e. those members of the class whose employment with Defendants ended during the actionable period for this cause of action) who are no longer employed by Defendants for their time spent on on-duty meal periods, rest period premiums, and meal period premiums to or upon termination or separation from employment with Defendants as required by California Labor Code §§ 201 and 202.

59.     Further, Plaintiff and the Class are entitled to waiting time penalties for

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

Defendants' failure to pay meal period and rest period premiums. *See e.g. In re Autozone, Inc.*, 2016 U.S. Dist. LEXIS 105746 *23 (N.D. Cal. Aug. 10, 2016) (denying the CPS's motion for summary judgment on the plaintiff's claim for waiting time penalties based upon the failure to provide rest period premiums and finding that the California Court of Appeals decision in *Ling vs. P.F. Chang's China Bistro, Inc.* 245 Cal. App. 4th 1242 (2016) "concerned only whether 'a section 203 waiting time claim based on section 226.7 premium pay is an action brought for the non-payment of wages under section 218.5'"); *Brewer v. Gen. Nutrition Corp.* (N.D. Cal. Aug. 27, 2015) No. 11-CV-3587 YGR, 2015 WL 5072039, at *19 [denying CPS's motion for summary judgment because "the premium payments due under section 226.7 are to be considered "wages" for purposes of sections 203 and 226."]; *Abad v. Gen. Nutrition Centers, Inc*. (C.D. Cal. Mar. 7, 2013) No. SACV 09–00190–JVS, 2013 WL 4038617, at *3–4 [distinguishing *Kirby,* and finding "Plaintiff' section 203 claim for failure to pay wages…can be based on amounts owed under section 226.7.".)

60.    As a result, Defendants are liable to Plaintiff and other members of the Class who are no longer employed by Defendants for waiting time penalties amounting to thirty (30) days wages for Plaintiff and each such Class member pursuant to California Labor Code § 203. See, e.g., DLSE Manual, 4.3.4 (Failure to pay any sort of wages due upon termination entitles an employee to recover waiting time penalties).

**FIFTH CAUSE OF ACTION**
**UNFAIR COMPETITION LAW VIOLATIONS**
**[Bus. & Prof. Code §§ 17200]**
**On Behalf of Plaintiff and the Class Against Defendants**

61.    Plaintiff re-alleges and incorporates by reference each and every allegation set forth in the preceding paragraphs.

62.    Section 17200 of the California Business & Professions Code prohibits any unlawful, unfair, or fraudulent business practices. Business & Professions Code § 17204 allows "any person who has suffered injury in fact and has lost money or property" to prosecute a civil action for violation of the UCL. Such a person may bring such an action on behalf of himself and others similarly situated who are affected by the unlawful, unfair, or fraudulent business practice.

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

63. Under section 17208 of the California Business and Professions Code, the statute of limitations for a claim under Section 17200 is four years. Accordingly, the actionable period for this cause of action is four years prior to the filing of this Complaint through the present, and on-going until the violations are corrected, and/or the class is certified.

64. Section 90.5(a) of the Labor Code states that it is the public policy of California to enforce vigorously minimum labor standards in order to ensure employees are not required to work under substandard and unlawful conditions, and to protect employers who comply with the law from those who attempt to gain competitive advantage at the expense of their workers by failing to comply with minimum labor standards.

65. As a direct and proximate result of Defendants' unlawful business practices described herein, Plaintiff and the Class Members have suffered economic injuries. Defendants have profited from its unlawful, unfair, and/or fraudulent acts and practices.

66. Plaintiff and similarly situated Class Members are entitled to monetary relief pursuant to Business & Professions Code § 17203 and 17208 for all unpaid wages due and interest thereon, from at least four years prior to the filing of this Complaint through the date of such restitution, at rates specified by law. Defendants should be required to disgorge all the profits and gains it has reaped and restore such profits and gains to Plaintiff and Class Members, from whom they were unlawfully taken.

67. Through its action alleged herein, Defendants has engaged in unfair competition within the meaning of section 17200 of the California Business & Professions Code, because Defendants' conduct, as herein alleged has damaged Plaintiff and the Class Members by wrongfully denying them wages and/or penalties due for meal and rest period premiums and therefore was substantially injurious to Plaintiff and the Class Members.

68. Defendants engaged in unfair competition in violation of Section 17200 *et seq.* of the California Business & Professions Code by violating sections 201, 202, 203, 226.7 and 512 of the California Labor Code, and Sections 11 and 12 of the Wage Order No. 4.

69. Defendants' course of conduct, act and practice in violation of the California laws mentioned above constitute independent violations of Sections 17200 *et seq.* of the California

Business & Professions Code.

70.     Plaintiff and similarly situated Class Members are entitled to enforce all applicable penalty provisions of the Labor Code pursuant to Business & Professions Code § 17202.

71.     Plaintiff has assumed the responsibility of enforcement of the laws and public policies specified herein by suing on behalf of themselves and other similarly situated Class Members previously or presently employed by Defendants in California.  Plaintiff's success in this action will enforce important rights affecting the public interest. Plaintiff will incur a financial burden in pursuing this action in the public interest.  Therefore, an award of reasonable attorneys' fees to Plaintiff is appropriate pursuant to Code of Civil Procedure §1021.5.

**SIXTH CAUSE OF ACTION**
**PLAINTIFF AND ALL AGGRIEVED EMPLOYEES AGAINST ALL DEFENDANTS**
**FOR PENALTIES PURSUANT TO LABOR CODE § 2699, ET SEQ. FOR VIOLATIONS**
**OF LABOR CODE §§ 201.3, 226, 226.3, 226.7, 510 and 512; WAGE ORDER 4-2001**

72.     Plaintiff, on behalf of himself and all aggrieved employees, realleges and incorporates by reference all previous paragraphs.

73.     Based on the above allegations incorporated by reference, Defendants has violated Labor Code §§ 201.3, 226, 226.3, 226.7, 510, 512, as well as IWC Wage Order 4-2001.

74.     Under Labor Code §§ 2699(f)(2) and 2699.5, for each such violation, Plaintiffs and all other aggrieved employees are entitled to penalties in an amount to be shown at the time of trial subject to the following formula:

$100 for the initial violation per employee per pay period; and

$200 for each subsequent violation per employee per pay period.

These penalties will be allocated 75% to the Labor Workforce Development Agency and 25% to the affected employees.

75.     Labor Code § 558 imposes a penalty upon employers "who violates, or causes to be violated…any provision regulating hours and days of work in any order of the Industrial Welfare Commission shall be subject to a civil penalty as follows: (1) For any initial violation, fifty dollars ($50) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; (2) For each

19

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**

subsequent violation, one hundred dollars ($100) for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover underpaid wages; and (3) Wages recovered pursuant to this section shall be paid to the affected employee." As a result of the faulty compensation, overtime, meal period, and rest period policies and practices described in detail in the paragraphs above, Plaintiff and the other aggrieved employees are entitled to recover penalties and wages under Labor Code § 558. *See Thurman v. Bayshore Transit Mgmt., Inc.*, 203 Cal. App. 4th 1112 (2012).

76.     In addition, as set forth above, Defendants failed to provide Plaintiff and all aggrieved employees with accurate itemized wage statements in compliance with Labor Code § 226(a). Labor Code § 226.3 provides that "[a]ny employer who violates subdivision (a) of Section 226 shall be subject to a civil penalty in the amount of two hundred fifty dollars ($250) per employee per violation in an initial violation and one thousand dollars ($1,000) per employee for each violation in a subsequent citation, for which the employer fails to provide the employee a wage deduction statement or fails to keep the required in subdivision (a) of Section 226." *See Pedroza v. PetSmart, Inc.*, No. ED CV 11-298 GHK DTB, 2012 WL 9506073, at *6 (C.D. Cal. June 14, 2012) (denying the defendant's motion to dismiss the plaintiff's claim for PAGA penalties for violations of Lab. Code § 226(a) and granting the defendant's motion to dismiss the claim for penalties under Lab. Code § 226(e) after finding the alleged violations were not knowing and intentional).[2]

77.     Further, as Plaintiff and the aggrieved employees were employed as security guards, they were required by California Labor Code §201.3 to be paid on a weekly basis, as opposed to a biweekly basis normally allowed by Cal. Labor Code §204. As a result, the civil penalties sought are based on the lawful, weekly pay periods, as opposed to any unlawful, biweekly pay periods that may have been imposed on Plaintiff and the aggrieved employees.

---

[2] (*See also Finder v. Leprino Foods Co.* (E.D. Cal. Mar. 12, 2015) No. 1:13-CV-2059 AWI-BAM, 2015 WL 1137151, at *7 ["the weight of authority counsels that violations of Section 226.3 may be the basis of a PAGA claim."]; *accord Singer v. Becton, Dickinson & Co., Med–Safe Sys.* (S.D.Cal. July 23, 2008) 2008 U.S. Dist. LEXIS 56326, *18; *Yadira v. Fernandez* (N.D. Cal. June 14, 2011) 2011 U.S. Dist. LEXIS 62894, *7–9, 2011 WL 2434043; *Willis v. Xerox Bus. Servs., LLC* (E.D. Cal. Nov. 15, 2013) No. 1:13-CV-01353-LJO, 2013 WL 6053831, at *7.)

20

78. As a result of the acts alleged above, Plaintiff seeks penalties under Labor Code § 2699, et seq. because of Defendants' violation of Labor Code §§ 201.3, 226, 226.3, 226.7, 510, 512, as well as IWC Wage Order 4-2001.

## **RELIEF REQUESTED**

Wherefore, Plaintiff, on behalf of himself and the members of the Class, pray for judgment against Defendants as follows:

1. An Order than this action may proceed and be maintained as a class action;

2. <u>On the First Cause of Action</u>:

    a. A declaratory judgment that Defendants have violated California Labor Code § 226.7, and Section 12 of IWC Wage Order No. 4-2001;

    b. Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay at the regular rate for each day that an off-duty rest period was not provided in California during the Class Period;

3. <u>On the Second Cause of Action</u>

    a. A declaratory judgment that Defendants have violated California Labor Code §§ 226.7 and 512, and Section 11 of IWC Wage Order No. 4-2001;

    b. Pursuant to Cal. Labor Code § 226.7, an award to Plaintiff and the Class Members for an hour of pay for each day that an off-duty meal period was not provided in California during the Class Period;

4. <u>On the Third Cause of Action</u>:

    a. A declaratory judgment that Defendants violated California Labor Code §226 and 226.3 by issuing inaccurate and/or incomplete wage statements;

    b. An award to Plaintiff and Wage Statement Subclass Members of $50 for each initial pay period in which a violation of Section 226 occurred and $100 for each subsequent pay period in which a violation of Section 226 occurred, not to exceed $4,000 for each member of the Class, as well as an award of costs and reasonable attorney's fees.

5. <u>On the Fourth Cause of Action</u>:

    a. A declaratory judgment that Defendants violated California Labor

21

Code §§ 201-203;

  b.  Pursuant to Cal. Labor Code §§ 201 through 203, an award to Plaintiff and the Waiting Time Penalty Subclass members for waiting time penalties in the amount of 30 days' wages per Waiting Time Penalty Subclass Member.

  6.  <u>On the Fifth Cause of Action</u>:

  a.  That the Court find and declare that Defendants violated the UCL and committed unfair and unlawful business practices by failing to pay Plaintiff and other members of the Class meal and/or rest break premiums for not having provided compliant meal and rest breaks to the Class members for their work on shifts in California;

  b.  Restitution, including, but not limited to, the relief permitted by sections 226.7 of the California Labor Code;

  7.  <u>On the Sixth Cause of Action</u>:

  a.  A civil penalty against Defendants in the amount of $100 for the initial violation and $200 for each subsequent violation as specified in section 2699(f)(2) of the California Labor Code for Plaintiff and for member of the Wage Statement and PAGA Subclass during all of the pay periods in the one year preceding the filing of this Complaint through the present;

  b.  All penalties available under Section 558 of the California Labor Code and the Labor Code Private Attorneys General Act of 2004;

  c.  An award of reasonable attorney's fees against Defendants as specified in Labor Code § 2699(g)(1), for all the work performed by the undersigned counsel in connection with the PAGA claims;

  d.  An award of all costs incurred by the undersigned counsel for Plaintiff in connection with Plaintiff's and Class Members' PAGA claim against Defendant as provided for in Labor Code § 2699(g)(1);

  8.  All other relief as this Court deems proper.

# **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial of his claims by jury to the extent authorized by law.

Dated: May 14, 2018

ACKERMANN & TILAJEF, P.C.
MELMED LAW GROUP P.C.

By: _____
Craig J. Ackermann, Esq.
Jonathan Melmed, Esq.
Attorney for Plaintiff and all Aggrieved Employees

**CLASS AND REPRESENTATIVE ACTION COMPLAINT**