# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD MARTINEZ, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>E & A PROTECTIVE SERVICES-BRAVO, LLC, a Virginia Limited Liability Company, and DOES 1 to 10, inclusive,<br><br>Defendants. | Case No. 1:18-cv-00658-BAM<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AND MOTION FOR ATTORNEYS' FEES AND COSTS**<br><br>(Doc. Nos. 37, 39)<br><br>Judge: Hon. Barbara McAuliffe<br>Dept: Courtroom 8, 6th Floor<br>Date: January 14, 2020<br>Time: 9:00 a.m.<br><br>Action filed: May 14, 2018<br>FAC Filed: November 6, 2018 |

- 1 -
ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT

The Court, having considered the motions of Plaintiff RICHARD MARTINEZ ("Plaintiff") for Final Approval of Class Action Settlement, and for Attorneys' Fees and Costs, and good cause appearing, hereby **GRANTS** final approval of the class action settlement between Plaintiff and Defendant E & A PROTECTIVE SERVICES-BRAVO, LLC ("Defendant") as provided by the Joint Stipulation of Settlement and Release of Class Action [Dkt. 21-4] (the "Settlement Agreement" or "Settlement") and the Addendum to Joint Stipulation of Settlement and Release of Class Action [Dkt. No. 27-1] (the "Addendum") as set forth below:

1. The Court hereby makes final the conditional class certification contained in the Preliminary Approval Order, and thus makes final for purposes of the Settlement Agreement the certification, pursuant to FRCP 23(a) and (b)(3), of a class consisting of: *All individuals who are or were employed as security guards or officers, rovers, lieutenants, or sergeants, by Defendant in California for one or more pay periods from May 14, 2014 through January 28, 2019* (the "Class Period").[1]

2. The Court hereby finds that the *Revised Notice of Proposed Class Action Settlement and Hearing Date for Court Approval* and *Share Form* ("Notice Packet") mailed to all Class Members, as previously ordered by the Court, fairly and adequately described the terms of the proposed Settlement Agreement and Addendum; was the best notice practicable under the circumstances; was valid, due and sufficient notice to all Class Members; and complied fully with FRCP Rule 23(e)(1)(B), due process, and all other applicable laws. The court further finds that a full and fair opportunity has been afforded to Class Members to participate in the hearing convened to determine whether the proposed Settlement Agreement and Addendum should be given final approval. As no Class Members requested to be excluded from the Settlement, all **99** Settlement Class members are bound by this Order and shall be deemed to have released the

---

[1] The proposed order submitted by the parties defined the Class Period as "All individuals who are or were employed as security guards . . . through January **25**, 2019[.]" (Emphasis added.) However, the Settlement Agreement and the *Revised Notice of Proposed Class Action Settlement and Hearing Date for Court Approval* mailed to the Class Members defined the Class Period as "All individuals who are or were employed as security guards . . . through January **28**, 2019[.]" (Doc. Nos. 21-3, 39-1.) (Emphasis added.) The Court's order accordingly reflects the Class Period as defined in the Settlement Agreement and the *Revised Notice of Proposed Class Action Settlement and Hearing Date for Court Approval*.

Released Claims as defined in the Settlement Agreement and Addendum.

3. The Court finally appoints Craig J. Ackermann of Ackermann & Tilajef, P.C., and Jonathan Melmed of Melmed Law Group P.C. as counsel for the Class, and finds them to be adequate counsel experienced in similar litigation.

4. The Court finds that the Settlement Agreement and Addendum are fair, reasonable, and adequate as to the Class, Plaintiff, and Defendant, and is the product of good faith, arm's-length negotiations between the parties, and further, that the Settlement Agreement and Addendum are consistent with public policy, and fully complies with all applicable provisions of law.[2] The Court also finds that settlement now will avoid additional and potentially substantial litigation costs, as well as delay and risks if the Parties were to continue to litigate the case. Additionally, after considering the monetary recovery provided as part of the Settlement in light of the challenges posed by continued litigation, and Court concludes that Class Counsel secured significant relief for Class Members. Accordingly, the Court hereby finally and unconditionally approves the Settlement Agreement pursuant to FRCP 23(e)(1), and specifically:

   a. Approves the gross Settlement of $150,000.00;
   b. Approves payment of up to $3,500.00 to Simpluris, Inc., the Settlement Administrator;
   c. Approves the Class Representative Incentive award of $5,000.00 to Plaintiff;
   d. Approves an award of attorneys' fees, pursuant to Rule 23(h) in the amount of $37,500.00 and costs in the amount of $9,100.27 to Plaintiff's counsel;
   e. Approves the allocation of $5,000.00 as payment for penalties under the California Labor Code Private Attorney Generals Act ("PAGA"), and further approves of payment of 75% thereof ($3,750.00) to the Labor and Workforce Development Agency for its portion of the PAGA penalties.

5. Final Judgment is hereby entered in this matter.

6. Without affecting the finality of this Order, the Court retains jurisdiction over the

---

[2] The Court finds that all filing requirements of the Class Action Fairness Act ("CAFA") were timely satisfied. See 28 U.S.C. § 1715.

case for purposes of supervising, implementing, interpreting and enforcing this Order, the Settlement Agreement, and the Addendum, as may become necessary, until all of funds have been disbursed or one year from the date this Order is signed, whichever is earlier, after which this action shall be dismissed with prejudice.

IT IS SO ORDERED.

Dated: **January 16, 2020**          /s/ *Barbara A. McAuliffe*
                                                UNITED STATES MAGISTRATE JUDGE